# IN THE MATTER OF MANUEL APONTE CINTRON, Bankrupt.

San, Juan, Bankruptcy, No. 366.

Opinion filed April 2, 1924.

*Mr. Vicente Zayas Pizarro* for certain petitioning creditors.

*Mr. Francisco Parra Capo* and *Mr. J. Henri Brown* for Credito y Ahorro Ponceño.

ODLIN, Judge, delivered the following opinion:

The interesting question is submitted to this court whether the rule requiring proceedings to set aside transfers of property by the bankrupt on the ground that they are illegal preferences must be brought in the name of the trustee, shall be enforced where it is proved that the trustee himself is under charges and where it is alleged that he is unfriendly to the petitioning credi-

tors. At the time of the filing of the petition in this court against the Credito y Ahorro Ponceño asking that certain transfers of property by the bankrupt to the said Credito y Ahorro Ponceño shall be declared null and void as being an illegal preference, proceedings had already been instituted and were then pending undecided for the removal of Agustin Blasini as trustee. During the recent session of this court at Ponce much testimony was taken in connection with the said petition for removal. The court, after listening to the arguments of counsel and considering the case, rendered an opinion on the 13th day of March, 1924 [ante, 319], the effect of which was to remove Agustin Blasini as trustee, not upon the ground that he had been guilty of anything in the nature of fraud, but that he had been grossly negligent of the rights of certain creditors, and had also been exceedingly extravagant in the administration of the affairs of the bankrupt estate. The record shows that nearly $9,000 in cash had been realized from the sale of certain assets of the bankrupt and no creditor has yet received one dime in the nature of a dividend. All this large sum of money has been expended in attorney's fees and expenses of the former referee in bankruptcy and of the trustee, Agustin Blasini; and, although the court has ordered refunds of a large portion of the excessive fees paid to certain attorneys, the time for the enforcement of said orders for repayment, in connection with announced intentions to carry the case to the circuit court of appeals at Boston on a petition to revise, has not expired, and therefore the bankrupt estate to-day has an empty cash box.

In view of these conditions as they existed at the time of the filing of the present petition against the Credito y Ahorro Ponceño, counsel for the petitioning creditors argued with consid-

erable force that he ought not to be obliged to bring this proceeding in the name of the trustee, and that § 60 (b) of the Bankruptcy Act ought not to be strictly construed by this court and that the said petitioning creditors who claim to have been defrauded by the transactions between the bankrupt and the Credito y Ahorro Ponceño should be permitted to present their petition directly to this court and ask for a hearing upon the questions involved in the controversy, and that this court should determine upon the present petition whether the Credito y Ahorro Ponceño should be allowed to retain the property which they acquired from the bankrupt or whether they should be obliged to surrender the same. In said § 60 (b) of the Bankruptcy Act it is provided that the preferences "shall be voidable by the trustee and he may recover the property or its value," etc. It is argued by counsel for the Credito y Ahorro Ponceño that this present petition was not filed by the trustee and therefore this court has no jurisdiction, under the express provision of the Bankruptcy Act, to entertain the same. It is argued by counsel for the petitioning creditors that the peculiar circumstances of this case are such as to authorize this court to permit the petitioning creditors to apply to this court directly for relief and ignore the trustee, who was then under charges and who has since been removed.

After carefully considering this matter and the various authorities cited by the respective counsel, I have come to the opinion that one of the points made by the counsel for the Credito y Ahorro Ponceño is well taken. If the transaction between the bankrupt and the Credito y Ahorro Ponceño was illegal, then there automatically arises as one of the assets of bankrupt estate a right of action against the Credito y Ahorro Pon-

ceño. This asset undoubtedly passed after the adjudication to the trustee. The former trustee, Agustin Blasini, having been removed and Eduardo Diaz Brinck having been recently chosen as the successor to Agustin Blasini, it is clearly my opinion that this right of action against the Credito y Ahorro Ponceño is one which should be enforced in an action by the new trustee. The court now authorizes the new trustee to permit Mr. Vicente Zayas Pizarro, as counsel for the petitioning creditors, to use the name of this new trustee in a petition against the Credito y Ahorro Ponceño if such request shall be made. If the new trustee has no funds in his possession to cover the costs of the proceeding, the petitioning creditors represented by Mr. Vicente Zayas Pizarro will be authorized to advance said funds if they see fit, and in case they prevail in their petition these funds will be returned to them after the close of the litigation. But the present petition must be dismissed; this dismissal, however, being without prejudice to the rights of the petitioning creditors to institute a new proceeding in the manner above indicated.

This court refrains from passing upon all the other defenses set forth by the Credito y Ahorro Ponceño and decides at this time only the matter of procedure.

To this order and opinion counsel for the petitioning creditors and counsel for the Credito y Ahorro Ponceño both except.

Done and Ordered in open court at San Juan, Porto Rico, this 2d day of April, 1924.